IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HERMAN HOUSTON AND
MONICA HOUSTON                                                              PLAINTIFFS

VS.                                          CIVIL ACTION NO.: 3:14-CV-00064-MPM-SAA

COUNTRYWIDE BANK, FSB,
BAC HOME LOANS SERVICING, LP,
BANK OF AMERICA, FEDERAL NATIONAL
MORTGAGE, RECONTRUST COMPANY N.A.                                           DEFENDANTS

## MEMORANDUM OPINION& ORDER

This cause comes before the court on Defendants' Bank of America, N.A. (BANA), Successor by Merger to BAC Home Loans Servicing, LP and Successor by Merger to Countrywide Bank, FSB (Countrywide); Federal National Mortgage Association (Fannie Mae); and ReconTrust Company, N.A. (ReconTrust) (collectively the "Defendants") motion to dismiss [Doc. 5] pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Herman and Monica Houston (Plaintiffs) have not responded. Upon due consideration of the memoranda and relevant law, the court is now prepared to rule.

**BACKGROUND**

On May 9, 2007, Plaintiffs obtained a loan in the principal amount of $51,000.00 from Countrywide Bank, FSB. The Promissory Note (Promissory Note [A]) was secured by a Deed of Trust (Deed of Trust [A]) for 5.00 acres of a 29.76 acres tract of land located at 242 Old Street Road, Byhalia, Mississippi 38611-9153. On November 10, 2007, Plaintiffs obtained an additional loan in the principal amount of $363,050.00 from Countrywide Bank, FSB. This additional Promissory Note (Promissory Note [B]) was secured by a Deed of Trust (Deed of Trust [B]) for the entire 29.76 acres of the same tract of land in Deed of Trust [A]. ReconTrust

Company, N.A., was the designated Trustee for Deed of Trust [B] with Countrywide Bank, being the designated Beneficiary. Pursuant to an Assignment of Deed of Trust filed on February 1, 2011, Deed of Trust [B] was assigned from Countrywide Bank to BAC Home Loans Servicing, LP.

Plaintiffs subsequently defaulted on their loan payments under Promissory Note [B]. In December 2011, Plaintiffs received a letter from ReconTrust informing them that a Substituted Trustee's Notice of Sale was scheduled for February 15, 2012. On that date, ReconTrust foreclosed on the entire 29.76 acres tract of land secured by Deed of Trust [B], and executed a Trustee's Deed to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP. Also on that day, BANA conveyed the property via execution of a Special Warranty Deed to Federal National Mortgage. Fannie Mae ultimately prevailed on an eviction proceeding against the borrowers, and Plaintiffs were locked out of the property on April 3, 2014.

On April 1, 2014, Plaintiffs brought this suit against the Defendants. Although Plaintiffs' complaint fails to provide individual counts, a liberal reading of the complaint suggests claims for reformation of Deed of Trust [B], fraudulent misrepresentation, and negligent misrepresentation. Plaintiffs ask for relief in the form of an injunction staying their removal from the property by Fannie Mae until the case is decided on its merits and a declaratory judgment setting aside the foreclosure sale and Special Warranty Deed to Fannie Mae and BANA along with any other subsequent deeds.

**I. Motion to Dismiss Standard**

When considering a motion to dismiss under Rule 12(b)(6), courts accept as true all well-pleaded facts in the complaint, and those facts are viewed in the light most favorable to the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045,

1050 (5th Cir. 1982). However, courts do not accept conclusory allegations as true. *Id.* For a complaint to be viable, it must contain "sufficient factual matter" to make the claim facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (citations omitted). Courts are generally reluctant to grant a motion to dismiss for failure to state a claim, so such motions are only granted when the "plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser*, 677 F.2d at 1050. Further, the Fifth Circuit has "approached the automatic grant of a dispositive motion, such as a grant of summary judgment based solely on a litigant's failure to respond, with considerable aversion," and it has "permitted such dismissals only when there is a record of extreme delay or contumacious conduct." *See Luera v. Kleberg Cnty. Tex.*, 460 F. App'x 447, 449 (5th Cir. 2012).

## II. ANALAYSIS

### A. Reformation Claim.

Plaintiffs contend that it was their intent for the same 5.00 acres of land which secured Deed of Trust [A] to also be the security for Deed of Trust [B]. In support, Plaintiffs aver that it was only upon foreclosure that they discovered the entire 29.76 acres tract of land was the security for Deed of Trust [B]. As such, Plaintiffs request that the court reform and modify Deed of Trust [B] to reflect the aforementioned 5.00 acres as security and that the County Clerk be directed to enter the judgment in the land records to reflect the reformation.

In Mississippi, a person is charged with knowing the contents of any document that he executes. *Andrus v. Ellis*, 887 So.2d 175, 180 (Miss. 2004). However, "a valid contract may be reformed in some instances where a mistake has been made." *Ivison v. Ivison*, 762, So.2d 329, 335 (Miss. 2000). Reformation of a contract is justified under the following circumstances:

> [W]hen (a) the erroneous part of the contract is shown to have occurred by a mutual mistake, i.e., the party seeking relief is able to establish to the court's satisfaction that both parties intended something other than what is reflected in the instrument in question, or (b) the error has arisen by the unilateral mistake of one party and that mistake is accompanied by evidence of some sort of fraud, deception, or other bad faith activity by the other party that prevented or hindered the mistaken party in the timely discovery of the mistake.

*Brown v. Chapman*, 809 So.2d 772, 774 (Miss. Ct. App. 2002) (citing *McCoy v. McCoy*, 611 So.2d 957, 961 (Miss. 1992)). However, "[t]he mistake that will justify a reformation must be in the drafting of the instrument, not the making of the contract." *Ivison*, at 335-36 (internal citations omitted). Further, "[h]e who comes into equity must come with clean hands…. [W]henever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then…the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." *Shelton v. Shelton*, 477 So.2d 1357, 1359 (Miss. 1985) (internal citations and quotations omitted).

In their motion, Defendants argue that Plaintiffs have made no factual allegations in their complaint to warrant the reformation of Deed of Trust [B]. In support, Defendants contend that Plaintiffs must be attempting to make a case before the court for a unilateral mistake because they fail to allege any mistake made by Defendants. Accordingly, Defendants purport that Plaintiffs have failed to show in their pleadings that the unilateral mistake was caused by fraud, deception, or bad faith by Defendants. Defendants further aver that Plaintiffs have not alleged that such misconduct, even if it occurred, hindered Plaintiffs from discovering the mistake in a timely fashion.

In viewing the facts in a light most favorable to the non-moving party, the court concludes that Plaintiffs have failed to plead non-conclusory facts necessary to support a claim

for reformation of Deed of Trust [B]. In their complaint, Plaintiffs make no allegation that the Defendants made an error in the creation of the contract. As such, Plaintiffs must allege that the error was in fact a unilateral mistake caused by fraud, duress, or bad faith on the part of the Defendants to warrant reformation. However, any such allegation of misconduct is noticeably absent from the Plaintiffs' complaint.

In addition, Deed of Trust [B], the Assignment of Deed of Trust [B] recorded on February 1, 2011, and the Trustee's Notice of Sale, attached to the Trustee's Deed, all clearly state at least three times that property used as security was the entire 29.76 acres tract of land.[1] Hypothetically, even if the 29.76 acres of land held as security was a mistake, Plaintiffs have had ample time and opportunity from November 10, 2007 until foreclosure in February 2012 to discover it. The court also finds no facts to support that Plaintiffs' mistake was made in the drafting of the instrument, as required for reformation, rather than the making of the contract. Finally, Plaintiffs' failure to make the payments required by Promissory Note [B] and their subsequent default precludes reformation under the clean hands doctrine.

Due to the foregoing, the court grants the Defendants' motion to dismiss Plaintiffs' reformation claim.

**B. Fraudulent Misrepresentation**

The court's impression is that Plaintiffs attempt to set out a fraudulent misrepresentation claim based on allegations that they were led to believe that Defendants were working with Plaintiffs to secure a loan modification and would rescind foreclosure upon reaching a deal.

---

[1] Defendants contend that the attachment of these documents to Defendants' motion and memorandum are considered part of the pleadings because they are referred to in Plaintiffs' complaint and are central to the claim. The court agrees and the documents, therefore, are taken into consideration without converting Defendants' motion to dismiss into a motion for summary judgment. See *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

Moreover, Plaintiffs contend that Defendants informed Plaintiffs that they could forgo making loan payments while the modification process was ongoing.

In order to succeed on a fraud claim under Mississippi law, Plaintiffs must prove the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Bros. v. Winstead*, 129 So.3d 906, 915 (Miss. 2014). In addition, the Mississippi Supreme Court has made clear that even in cases where fraud is alleged "a promise of future conduct does not meet the requirement of a 'representation' unless the promise was made with the present intent not to perform." *Bank of Shaw, a Branch of Grenada Bank v. Posey*, 573 So.2d 1355, 1360 (Miss. 1990).

Upon examination of Plaintiffs' complaint, the court reaches the conclusion that Plaintiffs have failed to allege the requisite elements of a fraudulent misrepresentation claim.[2] The representations allegedly made by Defendants to work with Plaintiffs to secure a loan modification, rescind foreclosure, and forgo future loan payments are classic examples of promises of future conduct. Promises of future conduct do not fulfill the representation element of a fraud claim unless Plaintiffs show that Defendants' present intent at the time was not to perform; Plaintiffs set forth no facts in their complaint to indicate Defendants possessed said intent.

---

[2] Defendants are correct in their assertion that Plaintiffs have failed to plead fraud with the particularity required by Rule 9(b). However, the Fifth Circuit has stated that "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing. *See Hart v. Bayer Corp.,* 199 F.3d 239, 248 (5th Cir. 2000) (citing *Cates v. International Telephone and Telegraph Corp.,* 756 F.2d 1161, 1180 (5th Cir. 1985). Because the court and Defendants have read nearly identical claims into Plaintiffs' complaint, Plaintiffs' have failed to request permission to amend their complaint, and Plaintiffs' allegations fail on multiple matters of law, the court finds no need to dismiss the case based on failure to follow Rule 9(b).

In addition, Plaintiffs fail to allege any facts that would tend to show that Defendants possessed knowledge of the falsity of any of their alleged representations and as such, fail on that element as well. Plaintiffs also failed to show that they were proximately injured as a consequence of the alleged misrepresentations. As stated in their own complaint, Plaintiffs were in default on their loan prior to any of the alleged misrepresentations taking place. Accordingly, any injury that Plaintiffs incurred was a result of their initial failure to satisfy the Note's terms.

Defendants' argument that Plaintiffs were unreasonable in relying on the alleged misrepresentations is not well taken by the court. Defendants' argument relies on the Mississippi Supreme Court's holding in *Ballard v. Commercial Bank of DeKalb*, which states, "as a matter of law, one may not reasonably rely on oral representations, whether negligently or fraudulently made by the lender, which contradict the plain language of the documents." 991 So.2d 1201, 1207 (Miss. 2008). *See also Godfrey, Bassett & Kuykendall v. Huntington Lumber and Supply Co.*, 584 So.2d 1254, 1257 (Miss. 1991); *Rankin v. Brokman*, 502 So.2d 644 (Miss. 1987). Because the alleged oral misrepresentations contradict Promissory Note [B]'s clearly stated loan terms, Defendants contend that Plaintiffs could not claim reasonable reliance. However, the court finds Judge Aycock's reasoning in the analogous case of *Poppelreiter v. GMAC Mortgage, LLC*, to be persuasive to the contrary. 1:11CV008-A-S, 2011 WL 2690165 at *5-6 (N.D. Miss. July 11, 2011). As in *Poppelreiter*, the case law cited by Defendants were situations in which the plaintiff claimed to have been fraudulently *induced into entering a contract* by oral representations that contradicted its written terms. *Id.* (emphasis added). In this matter and *Poppelreiter*, Plaintiffs sought to *modify the existing terms of their loan*, and the court cannot, therefore, definitively say under Mississippi law that it was unreasonable for them to rely on the Defendants' alleged oral misrepresentations to do so. *Id.* (emphasis added). The court, however,

7

recognizes that such a conclusion is not outcome determinative for dismissal given Plaintiffs' failure on other elements.

Due to the foregoing, Plaintiffs' claim for fraudulent misrepresentation is dismissed.

### C. Negligent Misrepresentation

Because the court liberally read Plaintiffs' pleadings to include a claim for fraudulent misrepresentation, it assumes that Plaintiffs also attempted to set forth a claim for negligent misrepresentation. In order to recover on a theory of negligent misrepresentation, Plaintiffs would be required to prove by a preponderance of the evidence: (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons; (4) that they reasonably relied upon that person's misrepresentation or omission; (5) that they suffered damages as a direct and proximate result of such reasonable reliance. *See Bank of Shaw, a Branch of Grenada Bank v. Posey*, 573 So.2d 1355, 1360 (Miss. 1990). "It is well settled law that…the first element of the tort of negligent misrepresentation must involve a representation concerning a past or present fact." *Id.* at 1360. "The promise of future conduct is, as a matter of law, not such a representation as will support recovery under a theory of negligent misrepresentation." *Id.*

Because the claim for negligent misrepresentation suffers from the same fundamental flaws as their claim for fraud, Plaintiffs' negligent misrepresentation claim cannot survive dismissal. Plaintiffs once again have predicated their negligent misrepresentation claim on a promise of future conduct, and such a promise fails to qualify as a misrepresentation of fact. Consequently, Plaintiffs failed to properly allege an essential element of their claim. In addition, Plaintiffs are unable to prove that the damages they suffered were caused by Defendants'

misrepresentations rather than their pre-existing loan default. Plaintiffs also failed to allege cognizable facts to support the remaining elements of negligent misrepresentation.

In light of the foregoing, the court grants Defendants' motion to dismiss Plaintiffs' claim for negligent misrepresentation.

### D. Request for Injunctive Relief

Plaintiffs also request that the court stay their removal from the property and that Fannie Mae be restrained from doing so during the pendency of this action. However, the court finds Plaintiffs' request to stay removal to be moot. Plaintiffs were removed from their property on April 3, 2014. Given that the court has decided to dismiss all of Plaintiffs' claims on their merits and that a "request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined," Plaintiffs' request for injunctive relief is denied. *See Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414 (5th Cir. 2013).

In light of the foregoing, the court dismisses all of Plaintiffs' claims with prejudice. A separate judgment shall be issued pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED this the 10th day of June, 2014.

    **/s/ MICHAEL P. MILLS**
    **UNITED STATES DISTRICT JUDGE**
    **NORTHERN DISTRICT OF MISSISSIPPI**